WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

DANIEL G. BOGDEN
UNITED STATES ATTORNEY
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
ASSISTANT UNITED STATES ATTORNEYS
NADIA J. AHMED
ERIN M. CREEGAN
SPECIAL ASSISTANT UNITED STATES ATTORNEYS
333 LAS VEGAS BLVD. SOUTH, SUITE 5000
LAS VEGAS, NEVADA 89101
PHONE: (702) 388-6336
FAX: (702) 388-6698

**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC J. PARKER,<br><br>Defendant. | Case No. 16-ms-08428-CWD<br><br>**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION** |

The United States, by and through undersigned counsel, respectfully submits this Supplemental Memorandum in Support of its Motion for Pretrial Detention pursuant to The Bail Reform Act, Title 18, United States Code, Section 3142. As explained herein, the government

seeks the continued pretrial detention of the Defendant, both as a risk of non-appearance and as a danger to the safety of others and the community.

## PROCEDURAL HISTORY

On March 2, 2016, a Grand Jury in the District of Nevada returned an indictment charging the Defendant with Conspiracy to Commit an Offense Against the United States, in violation of 18 U.S.C. § 371, Conspiracy to Impede and Injure a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 372, four counts of Use and Carry of a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c), Assault on a Federal Law Enforcement Officer with a Deadly Weapon, in violation of 18 U.S.C. § 111(a) and (b), Threatening a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 115(a)(1)(B), Obstruction of the Due Administration of Justice, in violation of 18 U.S.C. § 1503, Interference with Interstate Commerce by Extortion, in violation of 18 U.S.C. § 1951, Interstate Travel in Aid of Extortion, in violation of 18 U.S.C. § 1952, and four forfeiture allegations.

The government filed a motion for detention, and a memorandum in support of detention, on March 3, 2016. (Dkt. # 6, 7). The Defendant appeared before this Court on March 4, 2016 for a hearing pursuant to Federal Rule of Criminal Procedure 5(c)(3). The Defendant waived his right to an identity hearing and admitted he is the individual charged in the indictment. The Defendant requested a detention hearing in the District of Idaho. The hearing is scheduled for March 9, 2016.

## PROFFER

The government's memorandum in support of detention details why the Defendant should be detained pending transfer to the District of Nevada, pursuant to the Bail Reform Act, 18 U.S.C. § 3142 et. seq. The memorandum includes factual proffer relevant to the Court's

consideration of the factors listed in 18 U.S.C. § 3142(g). The government now proffers the following additional facts:

On March 3, 2016, Federal Bureau of Investigation (FBI) special agents arrested the Defendant in Hailey, Idaho, pursuant to the arrest warrant issued in the District of Nevada. At the time of his arrest, the Defendant was driving in his vehicle, and was carrying a .40 caliber semi-automatic Beretta pistol with a loaded magazine. During a search of the vehicle incident to the Defendant's arrest, agents discovered the following:

1. A .223 caliber semi-automatic Smith and Wesson rifle, accessible in the passenger compartment, as depicted below:





2. A black tactical vest/plate carrier with two steel plates/body armor, as depicted below, containing:

   a. Four .223 rifle magazines (depicted above), two of which were loaded with a total of 44 rounds of ammunition;

   b. Three .40 caliber pistol magazines (depicted above), each loaded with a total of 34 rounds of ammunition;

   c. First aid kits.




3. A camouflage pattern tactical vest/plate carrier with a single steel plate/body armor;

4. A box of .223 ammunition, containing 321 rounds (depicted below), and;

5. A can of .40 ammunition, containing 415 rounds (depicted below).



After his arrest, the Defendant waived his *Miranda* rights and agreed to speak with agents. The Defendant admitted to traveling to Bunkerville, Nevada, in April of 2014, and admitted that he was on the bridge with a rifle when Bundy's supporters approached BLM personnel in the wash under Interstate 15. The Defendant admitted to being the individual photographed while lying prone on the bridge, with his rifle pointing through the concrete barrier. The Defendant contended that he had assumed this position believing that BLM and/or armed contractors employed by BLM were pointing rifles in his direction, and were threatening to use lethal force.

The Defendant stated the rifle in his vehicle at the time of his arrest was not the rifle he had in Bunkerville. The Defendant stated that the rifle he had in Bunkervillle was a Saiga rifle, and this Saiga rifle was at his residence in Hailey. The Defendant also said the .40 caliber Beretta pistol he had when arrested was not the pistol he had in Bunkerville. The Defendant said the pistol he had in Bunkerville was a similar, but older Beretta .40 caliber pistol. The Defendant indicated he still owned this older pistol, and that it too was at his residence in Hailey.

## ARGUMENT

The indictment charging four violations of 18 U.S.C. § 924(c) provides a presumption, subject to rebuttal, that no condition or combination of conditions will reasonably assure the appearance of the defendant as required, and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(B). Because of the nature and circumstances of the offenses charged against the Defendant which give rise to the presumption of detention, the government submits that no evidence will be sufficient to rebut the presumption of detention. However, even if rebutted, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *See United States v.*

*Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) *quoting United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir.1986).

In the event the Court determines that the Defendant meets his burden of producing evidence sufficient to rebut the presumption of detention, the government intends to proceed by proffer, relying upon the facts detailed in the indictment, the factual proffer in the memorandum in support of detention (Dkt. # 7), and the facts proffered above. The government may proceed in a detention hearing by proffer or hearsay, as a defendant has no right to cross-examine adverse witnesses who have not been called to testify. *See United States v. Winsor*, 785 F.2d 756 (9th Cir. 1986). A magistrate may "rely upon investigatory descriptions of evidence (and similar hearsay) where the judicial officer reasonably concludes that those descriptions, reports, and similar evidence, in the particular circumstances of the hearing, are reliable." *See United States v. Acevedo-Ramos*, 755 F.2d 203, 207 (9th Cir. 1985). "Bail hearings are typically informal affairs, not substitutes for trial or even for discovery. Often the opposing parties simply describe to the judicial officer the nature of their evidence; they do not actually produce it." *Id.* at 206.

> Further, the Magistrate or judge possesses adequate power to reconcile the competing demands of speed and of reliability, *by selectively insisting upon the production of the underlying evidence or evidentiary sources where their accuracy is in question*. Through sensible exercise of this power of selection, the judicial officer can make meaningful defendant's right to cross-examine *without unnecessarily transforming the bail hearing into a full-fledged trial or defendant's discovery expedition*.

*Id.* at 207-208 (emphasis added).

The government submits that, if the Defendant disputes any facts within the proffer, he must identify which specific material facts he disputes. In *Winsor*, the Court noted that "[w]ithout a proffer from Winsor that the government's proffered information was incorrect, the magistrate was not required to allow Winsor to cross-examine the investigators and police

officers." 785 F.2d at 757. In *United States v. Bibbs*, the District Court cited to *Winsor* in overruling the Defendant's objection to the government's use of proffer, noting that "counsel generally denied defendant's guilt, but proffered little in the way of specific, material factual disputes. Neither the Ninth Circuit nor Congress intends the detention hearing to serve as a mini-trial on the ultimate question of guilt." 488 F.Supp.925, 926 (N.D.Cal., 2007). Finally, in *United States v. Cardenas*, the Ninth Circuit affirmed the district court's ruling allowing the government to proceed by proffer. *See* 784 F.2d 937, 938 (9th Cir. 1986). The Court noted that, "[w]hen appellant asserted that certain proffered information was incorrect, the magistrate decided to hear live testimony concerning the alleged false information." *Id*.

Therefore, if the Defendant identifies specific material facts within the government's proffer that he disputes, and the Court determines that production of the underlying evidence or evidentiary sources must be produced through testimony to resolve the reliability of the proffer, the government will present evidence of the fact in dispute. However, because many of the government's proffered facts consist of images and statements the Defendant posted on the internet, their accuracy is not likely to be in dispute. The government submits that the Defendant's general denial of guilt, or refusal to accept the government proffer in total, is insufficient for this Court to require the production of evidence at the detention hearing.

Application of the factors in 18 U.S.C. § 3142(g) supports a finding that the Defendant is both a flight risk and a danger to the community. The Defendant is charged with crimes of violence against federal law enforcement officers who were enforcing a federal district court order. He has forcefully resisted, and advocated others to forcefully resist and refuse to obey, federal court orders. His statements reflect that he is proud of his actions, believes he has done no wrong, and will engage in such conduct again. If released, the Defendant is unlikely to follow

court orders, and likely to forcefully resist attempts to enforce the same. The nature and circumstances of the Defendant's crimes of violence, and his history and characteristics, reflect the nature and seriousness of the danger posed by his release.

**CONCLUSION**

This Court should enter an order detaining the Defendant pending his transfer to the District of Nevada. No evidence exists which will rebut the presumption of detention based upon the nature of the offenses charged in the indictment. Even if the Defendant rebuts the presumption of detention, application of the factors in 18 U.S.C. § 3142(g) supports a finding that no condition, or combination or conditions, will reasonably assure the appearance of the Defendant in the District of Nevada and the safety of the community.

Dated this 8th day of March, 2016.

WENDY J. OLSON
UNITED STATES ATTORNEY
By:

*/s/ Justin D. Whatcott*
JUSTIN D. WHATCOTT
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 8, 2016, the foregoing **GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Randall Barnum<br>Barnum, Howel, and Gunnl<br>380 S. 4th Street, Suite 104<br>Boise, ID 83702<br>randall@barnumhowell.com<br>*Attorney for Eric J. Parker* | ☐ United States Mail, postage prepaid<br>☐ fax<br>☒ ECF filing<br>☐ email |

*/s/ Kate Curtis*
Legal Assistant